UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GREGORY GREENWOOD                                                                    PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 1:18CV3-LG-RHW

PELICIA HALL et al                                                                   DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Gregory Greenwood, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging the following claims: (1) retaliatory transfer from Mississippi Department of Corrections' (MDOC) custody to Federal Bureau or Prisons' (BOP) custody; (2) continuing violation of his right to be incarcerated in an MDOC facility; and (3) denial of access to courts.  Doc. [1].  In addition to unspecified declaratory relief and compensation, he requests immediate return to MDOC custody.  *Id.* at 9.

In 1998, Plaintiff was convicted of murder and sentenced to life in prison.  *See Greenwood v. State of Mississippi*, 747 So.2d 273 (Miss.Ct.App. 1999); *Greenwood v. Johnson*, Civil Action No. 3:19cv598-HTW-JCG (28 U.S.C. § 2254 petition).  In February 2012, he was transferred from an MDOC facility to a BOP facility in Florence, Colorado.  At the time of his transfer, Defendants Pelicia Hall and Jeworksi Mallett were MDOC employees.  Plaintiff currently is incarcerated at United States Penitentiary-Atwater, California (USP-Atwater).  Defendants have filed a motion for summary judgment arguing, *inter alia*, that Plaintiff's claims are barred by the applicable three-year statute of limitations.  Doc. [31].

### Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Statute of Limitations**

It is undisputed that Plaintiff was transferred from an MDOC facility to a BOP facility in February 2012. He did not file the instant complaint alleging retaliatory transfer until January 2, 2018, almost six years after the incident. In § 1983 prisoner civil rights lawsuits, this Court applies Mississippi's general or residual personal-injury limitations period, which is three years.

*Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012).  The Prison Litigation Reform Act requires an inmate to exhaust administrative remedies prior to filing a § 1983 complaint. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Generally, the statute of limitations for § 1983 claims is tolled during the pendency of this administrative review.  *See Wright*, 260 F.3d at 359; *Harris v. Hegmann*, 198 F.3d 153, 157-58 (5th Cir. 1999).

The claims in Plainitff's lawsuit are based on the single discrete act of Defendants transferring him out of an MDOC facility to a federal prison in February 2012; therefore, the three-year statute of limitations with respect to his retaliation claim accrued in February 2012. *See McGowan v. Epps*, No. 4:16-cv-242, 2018 WL 4521028, at *2 (N.D.Miss. Sept. 21, 2018) (finding that inmate's cause of action for retaliatory transfer accrued on date of transfer to BOP facility).  Plaintiff did not file his lawsuit within three years of the alleged retaliatory transfer. Consequently, his lawsuit filed in 2018 is barred by the applicable three-year statute of limitations.

Plaintiff argues that the statute of limitations should have been tolled during the time he pursued administrative remedies.  Defendants undisputed summary judgment evidence demonstrates that Plaintiff submitted three Administrative Remedy Program (ARP) requests subsequent to his February 2012 transfer to federal custody.  In the first, filed in January 2012, he complained about general conditions of confinement at the East Mississippi Correctional Facility.  This ARP is not relevant for purposes of the instant litigation, because it does not address any of the claims in Plaintiff's lawsuit.  Doc. [31-2].  On December 15, 2015, Plaintiff submitted a second ARP request complaining that the Inmate Legal Assistance Program provided him with improper paperwork in 2001, while he was housed at the Mississippi State Penitentiary in Parchman.  Doc. [31-3].  Again, this ARP bears no relationship to the instant

litigation. Even so, he submitted this ARP more than three years after the February 2012 transfer to a BOP facility; therefore, it would not operate to toll the statute of limitations. Plaintiff submitted a third ARP request on October 9, 2017, alleging retaliatory transfer. Doc. [31-4]. Although this ARP request relates directly to the claims in the instant litigation, Plaintiff's ARP was submitted more than five years after the alleged incident. Consequently, the ARP would not operate to toll the applicable three-year statute of limitations.

     Plaintiff also argues he suffers from the continuous and ongoing violation of being housed in a non-MDOC facility; therefore, the statute of limitations should not bar his lawsuit. In his complaint, he bootstraps the 2012 transfer to allegations about current conditions of confinement at USP-Atwater. Doc. [1] at 6. A continuous and ongoing violation will toll the statute of limitations period; statutes of limitations are meant to prevent "stale claims," and if the violation is a continuing one "the staleness concern disappears." *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir.1993). The Fifth Circuit has held there is no definitive standard for what constitutes a continuing violation. *Huckabay v. Moore*, 142 F.3d 232, 239 (5th Cir. 1998). The continuing violation doctrine will extend the limitations period on otherwise time-barred claims only when the unlawful practice manifests itself over time rather than in a series of discrete acts. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). There are two types of cases in which the continuing violation theory can toll the statute of limitations: (1) where the original violation occurred outside the statute of limitations but is closely related to other violations that are not time barred; and (2) where an initial violation, outside the statute of limitations, is repeated later. *Hendrix v. Yazoo City*, 911 F.2d 1102, 1103 (5th Cir.1990).

4

Plaintiff's cause of action is the product of a single discrete act that occurred in February 2012, outside the statute of limitations. He complains of the lingering effects or consequences from that single discrete act rather than identifying a continuing, repeated violation of his constitutional rights. *See McGregor*, 3 F.3d at 867. The original act of alleged retaliatory transfer should have triggered Plaintiff's awareness of a duty to assert his rights with respect to his transfer from an MDOC facility in February 2012. *See Hendrix*, 911 F.2d at 1104; *Davis v. Foxworth*, No. 6:14cv996, 2016 WL 6436668, at *5 (E.D.Tex. Nov. 1, 2016) (inmate's allegations of retaliation consist of individual, discrete acts). Even if the undersigned were to accept that Plaintiff's incarceration in a non-MDOC facility somehow represents a continuing violation; it is not a violation of constitutional magnitude. Plaintiff has no constitutional right to be housed in a facility of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). His request to be transferred back to an MDOC facility is not cognizable under § 1983 and need not trouble the Court's statute-of-limitations analysis.

Plaintiff further contends that his removal from an MDOC facility results in a continuing violation by denying him access to courts. He argues that USP-Atwater lacks access to resources necessary to pursue property loss claims under the MTCA; parole eligibility claims; and legal challenges to his underlying conviction. Specifically, he contends he does not have access to Mississippi legal research. Assuming arguendo that Plaintiff lacks constitutionally sufficient access to legal research or a law library, the named Defendants are not the parties responsible for Plaintiff's current lack of access. In his complaint he alleges that prison officials at his current location (USP-Atwater) have refused to provide him with access to MDOC's Inmate Legal Assistance Program and that the BOP does not provide access to Mississippi laws, treatises or

5

regulations. Doc. [1] at 7. If Plaintiff has a viable cause of action for denial of access to courts, the responsible parties are the prison officials at USP-Atwater, where he currently is incarcerated. *See McGowan*, 2018 WL 4521028, at *5 (finding that inmate's access-to-courts claim based on BOP's failure to provide Mississippi legal research materials should have been filed in place of confinement). Plaintiff's complaint fails to allege any facts against Defendants Pelicia Hall and Jeworski Mallett for denial of access to courts.

Plaintiff's denial-of-access claim also lacks constitutional merit. Prisoners have a constitutional right to meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). This constitutional guarantee does not afford prisoners unlimited access to prison law libraries. *Id.* Before a prisoner may prevail on a claim that his constitutional right of access to the court was violated, he must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts. *Id.* at 230-31. In other words, an inmate must demonstrate an actual injury such that he was prevented from raising a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996).

Plaintiff's speculative contention that he might file a future civil lawsuit for loss of property does not demonstrate the requisite level of prejudice for maintaining an access-to-courts claim under § 1983. He does not explain how he has been prevented from raising a meritorious legal issue regarding this property-loss claim. Plaintiff's assertion he has been denied access to courts is also belied by the fact that he currently has a pending § 2254 petition challenging the constitutionality of his underlying state conviction and sentence, which he filed on August 23,

2019, while incarcerated at USP-Atwater.[1] *See Greenwood v. Johnson*, Civil Action No. 3:19cv598-HTW-JCG. The petition and accompanying memorandum make clear that Plaintiff has availed himself of the Mississippi courts to challenge his criminal conviction, even while incarcerated in California. With respect to parole eligibility, Plaintiff fails to explain how his incarceration in California prevents him from presenting "letters, statements and other evidence in support of having" parole granted. Doc. [34] at 12-13. Presumably, Plaintiff has access to the mail system, as demonstrated by his ability to file pleadings and send correspondence to the federal court in Mississippi. He does not identify any prejudice to his speculative pursuit of parole eligibility.

**Exhaustion of Administrative Remedies**

In addition to being barred by the statute of limitations, Defendants argue Plaintiff failed to exhaust administrative remedies prior to filing his lawsuit. Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright*, 260 F.3d at 358. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Dismissal is appropriate where an inmate has failed to

---

[1] This is Plaintiff's second § 2254 petition. His first petition, which he filed while still in an MDOC facility, was dismissed as time-barred by the AEDPA's one-year limitation period. *See Greenwood v. Johnson*, Civil Action No. 3:02cv64-TSL-AGN.

properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal". *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement. The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

As explained above, Plaintiff submitted three ARP requests subsequent to his February 2012 transfer to USP-Atwater. The January 2012 and December 2015 ARPs do not concern claims raised in Plaintiff's complaint. His third ARP, submitted on October 9, 2017, does demonstrate an attempt to exhaust administrative remedies regarding the claims in his complaint. Specifically, he claims he was subjected to a retaliatory transfer by the MDOC. The MDOC ARP office rejected Plaintiff's ARP because the event underlying his complaint occurred on February 1, 2012, more than 30 days prior to Plaintiff filing the ARP. Consequently, the ARP was rejected as untimely. An untimely administrative grievance such as this does not satisfy the exhaustion requirement. *See Woodford*, 548 U.S. at 83-84.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [31] motion for summary judgment be GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be DISMISSED with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 21st day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE